UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELI LILLY AND COMPANY *and* ICOS CORPORATION,<br>　　*Plaintiffs*,<br><br>*vs*.<br><br>SYNTHON PHARMACEUTICALS, INC.,<br>　　*Defendant*. | 1:10-cv-0310-SEB-JMS |

## ORDER

Presently before the Court is Lilly's Motion for Jurisdictional Discovery and for an Enlargement of Time to Respond to Synthon's Motion to Dismiss or Transfer (the "Motion"), along with supporting papers. [Dkt. 25-27.]

### BACKGROUND

Plaintiffs Eli Lilly and Company ("Lilly") and ICOS Corporation ("ICOS") filed a complaint for patent infringement against defendant Synthon Pharmaceuticals ("Synthon") in March 2010, alleging subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202 and general personal jurisdiction based on Synthon's "systematic and continuous contacts with the State of Indiana." [Dkt. 1 at 1-2.] In April 2010, Synthon made a motion to dismiss (or, in the alternative, to transfer) for lack of personal jurisdiction and improper venue pursuant to Fed. R. Civ. P. 12(b)(2) and (3). [Dkt. 20.] In May 2010, Lilly and ICOS responded by filing the instant Motion requesting a period of jurisdiction-focused discovery and an extension of time to respond to Synthon's motion to dismiss. [Dkt. 25.]

### DISCUSSION

It is well-established law that the exercise of general personal jurisdiction over a corporation in a particular forum requires two elements; first, the corporation must have

"continuous and systematic" contacts with that forum. *Perkins v. Benguet Consol. Min. Co.*, 342 U.S. 437, 448 (1952). Second, the exercise of jurisdiction must be reasonable; it must "not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). This is a high standard, and many courts have declined to exercise general jurisdiction over parties when their contacts with the forum were insufficient to justify it. *See*, *e.g.*, *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1983) (business relationship and purchasing history with company in forum and occasional business travel to forum did not constitute continuous and systematic contacts).

However, the standard for obtaining jurisdictional discovery is not as high, as other courts in this circuit have held. *Andersen v. Sportmart, Inc.*, 179 F.R.D. 236 (N.D. Ind. 1998); *see also Edmond v. United States Postal Service Gen. Counsel*, 949 F.2d 415, 428 (D.C. Cir. 1991). To justify an order for jurisdictional discovery, the plaintiff must merely show that the court might have personal jurisdiction over the defendant. *Id.* at 241-42. This Court approves that standard because (as the *Andersen* court points out) it is in keeping with the spirit of the Federal Rules of Civil Procedure to permit broad discovery.[1] *Id.* Further, when evaluating Synthon's contacts with Indiana, the Court may wish to consider contacts for a reasonable time before the filing of the complaint. *See*, *e.g.*, *Slurry Systems, Inc. v. Berminghammer Foundation Equipment*, 2005 WL 2240064 (N.D. Ind. September 14, 2005). Otherwise, companies anticipating litigation might be tempted to act to curtail their contacts in distant forums in order to avoid being subject to personal jurisdiction there. Therefore, appropriate jurisdictional discovery can and should include a reasonable time period before the filing of the complaint.

---

[1] For example, Fed. R. Civ. P. 26(b)(1) permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense."

Lilly requests 90 days to conduct discovery. However, under the circumstances, and with the exercise of reasonable diligence, the Court is confident that 60 days will suffice.

## CONCLUSION

Being duly advised, the Court now GRANTS IN PART Lilly's motion as follows:

It is hereby ORDERED:

1. That Lilly shall have to and including 60 days from the date of this Order to conduct discovery regarding Synthon's and its agents' contacts with Indiana; and

2. That the time for Lilly to respond to Synthon's Motion to Dismiss or Transfer (Dkt. No. 20) is extended to and including 14 days after the close of jurisdictional discovery.

06/09/2010

_Jane Magnus-Stinson_
Jane Magnus-Stinson
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to:**

John D. Nell
Maureen E. Ward
jnell@woodmclaw.com
mward@woodmclaw.com

E. Anthony Figg
C. Nichole Gifford
efigg@rfem.com
ngifford@rfem.com

Jan M. Carroll
jan.carroll@btlaw.com

Kevin M. Flowers
Matthew C. Nielsen
Mark Izraelewicz
Cullen N. Pendleton
kflowers@marshallip.com
mnielsen@marshallip.com
mizraelewicz@marshallip.com
cpendleton@marshallip.com